HENRY WAFF ET AL. v. LUCY SESSUMS ET AL.

Decided February 20, 1902.

1.—Marriage of Slaves—Emancipation—Validation.

Where W., a negro slave, married after the manner of slaves in 1859, and was separated from his wife and married another slave with whom he cohabited and lived until the time of his death, which occurred after emancipation, the effect of the emancipation was to validate the second marriage. Following Cumby v. Henderson, 6 Texas Civil Appeals, 319.

2.—Same—Inheritance—Community Property.

Although after emancipation, W. resumed to some extent his cohabitation with his first slave wife, while living with the second, this did not entitle the children of such first wife to recover of those of the second community property on which W. lived with the second wife at the time of his death.

Appeal from Harris. Tried below before Hon. William H. Wilson.

*Jas. R. Masterson* and *Ingham S. Roberts,* for appellants.

*E. P. Turner,* for appellees.

GARRETT, CHIEF JUSTICE.—This action was brought by the appellants against the appellees for the recovery of lots 9 and 10, block 331, in the city of Houston. The appellants claim title to the lots as the children and heirs of William Waff, who died in 1900, and Betty Waff, who died in 1888; and the appellees claim as the wife and son of William Waff. The issue depends upon the legitimacy of two slave marriages. William Waff and Betty and Lucy were slaves prior to their emancipation, June 19, 1865. The evidence showed that William and Betty were married after the manner of slaves in the city of Houston during the year 1859 and cohabited until 1861 or 1862, when the master of William moved him to another county, thereby separating him from Betty; and that about that time William married Lucy. William cohabited with Lucy until after they were emancipated and until his death. It was also shown that after emancipation he returned to his relationship with Betty and had children by her. The appellants Harry and Dave Waff and Mahala Oliver and Annie McCowan were children of Betty, Dave and Annie having been born after emancipation. The appellee Ben Waff is the son of William by Lucy. In 1866 William Waff bought the property in controversy and moved upon it with Lucy and occupied it with her as a home, living with her as man and wife until his death in 1900, and after his death Lucy and Ben Waff remained in possession of the lots, claiming them as their property.

The trial judge found that notwithstanding the fact that William Waff resumed his relations with Betty he did not give to her among his race the same public recognition that he did to Lucy, though to some he represented that she was his wife; and that towards the end his connection with her became more transitory in its nature. Betty never

lived at William's residence, which was the property in controversy. We are of the opinion that the marriage between William and Lucy was validated by their continuing to live together as man and wife after emancipation. Cumby v. Henderson, 6 Texas Civ. App., 519. We agree with the trial court that the appellants failed to make out their case by a preponderance of the evidence. The judgment will be affirmed.

*Affirmed.*